UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

       -v.-                          :    S7 15 Cr. 386 (JGK)

CORY HARRIS,                          :
    a/k/a "Hop,"
    a/k/a "P,"
                     :

             Defendant.

                       :
- - - - - - - - - - - - - - - - - -x


## GOVERNMENT'S REQUESTS TO CHARGE


                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York,
                    Attorney for the United States
                       of America

Hadassa R. Waxman
Andrew C. Adams
Margaret S. Graham
Assistant United States Attorney

    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

         -v.-                       :      S7 15 Cr. 386 (JGK)

CORY HARRIS,                        :
    a/k/a "Hop",
                                    :
              Defendant.
                                    :
- - - - - - - - - - - - - - - - - -x


## GOVERNMENT'S REQUESTS TO CHARGE

    Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its charge to the jury.

## TABLE OF CONTENTS

Req.  Description                                                          Page

1.   General Requests..........................................1

2.   The Indictment............................................2

3.   Summary of Indictment.....................................3

4.   Structure of Murder Charges - Multiple Statutes And
     Theories of Liability . . . . . . . . . . . . . . . . . . 4

*Counts Three and Four: Murder-for-Hire and Murder-for-Hire
Conspiracy*

5.   Counts Three and Four: Murder-for-Hire
     The Indictment and the Statute............................6

6.   Counts Three and Four: Murder-for-Hire
     Purpose of the Statute....................................8

7.   Count Three: Conspiracy to Commit Murder-for-Hire
     Elements of the Offense..................................10

8.   Count Three: Conspiracy to Commit Murder-for-Hire
     First Element: Existence of the Conspiracy...............11

9.   Counts Three and Four: Murder-for-Hire
     Elements of Murder-for-Hire..............................15

10.  Counts Three and Four: Murder-for-Hire
     First Element: Travel in Interstate or Foreign Commerce or
     Use of Facility of Interstate or Foreign Commerce........17

11.  Counts Three and Four: Murder-for-Hire
     Second Element: Intent to Commit Murder..................21

12.  Counts Three and Four: Murder-for-Hire
     Third Element: Payment of Money or Other Item of
     Pecuniary Value..........................................23

13.  Counts Three and Four: Murder-for-Hire
     Death Results............................................24

14.  Count Three: Conspiracy to Commit Murder-for-Hire
     Second Element: Membership in the Conspiracy.............25

i

15.   Count Three: Murder in Connection with Drug Trafficking
      ....................................................30

16.   Count Three: Murder in Connection with Drug Trafficking
      Elements...............................................31

17.   Count Three: Murder in Connection with Drug Trafficking
      Narcotics Conspiracy (1st and 2nd Elements)...............32

18.   Count Three: Murder in Connection with Drug Trafficking
      Third and Fourth Elements..............................35

19.   Aiding and Abetting.....................................38

20.   Venue...................................................41

21.   Variance In Dates.......................................42

22.   Stipulations............................................43

23.   Defendant's Testimony...................................44

24.   Defendant's Right Not To Testify........................45

25.   Particular Investigative Techniques Not Required.........46

26.   Uncalled Witnesses - Equally Available to Both Sides......47

27.   Expert Testimony........................................48

28.   Accomplice Testimony....................................50

29.   Accomplice Testimony - Guilty Plea......................54

30.   Preparation of Witnesses................................55

31.   Law Enforcement Witnesses...............................57

32.   Use of Evidence Obtained Pursuant to Search.............58

33.   Redaction of Evidentiary Items..........................59

34.   Use Of Charts And Tables................................60

35.   Character Witnesses.....................................62

36.   Similar Acts............................................64

37.   Sympathy: Oath as Jurors.................................66

38.   Improper Considerations:  Race, Religion, National
      Origin, Sex or Age .......................................67

39.   Persons Not On Trial.....................................68

40.   Conclusion................................................69

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury

b.  Indictment not Evidence

c.  Statements of Court and Counsel not Evidence

d.  Burden of Proof and Presumption of Innocence

e.  Reasonable Doubt

f.  Government Treated Like Any Other Party

g.  Definitions, Explanations, and Examples of Direct and Circumstantial Evidence

h.  Inferences

i.  Credibility of Witnesses

j.  Right to See Exhibits and Have Testimony Read During Deliberations

k.  Sympathy:  Oath as Jurors

l.  Punishment Is Not to Be Considered by the Jury

m.  Consider Each Count Separately

n.  Verdict of Guilt or Innocence Must be Unanimous

1

## REQUEST NO. 2

### The Indictment

The defendant, CORY HARRIS, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  [*If it is the Court's practice:* Before you begin your deliberations, you will be provided with a copy of the Indictment.]  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

2

## REQUEST NO. 3

### Summary Of Indictment

The Indictment contains a total of six counts, or charges.

Count One charges the defendant, CORY HARRIS, with participating in a conspiracy to distribute crack cocaine, heroin, and marijuana from in or about 2012 through 2015.

Count Two charges the defendant, CORY HARRIS, with possessing firearms and aiding and abetting the use and possession of firearms during and in relation to, and in furtherance of, the drug distribution conspiracy charged in Count One.

Counts Three and Four each charge the defendant, CORY HARRIS, with participating in a murder-for-hire and a murder-for-hire conspiracy in connection with the murder of Rashaun Nicholson in or about December 2014.

Count Five charges the defendant, CORY HARRIS, with causing, in various ways, the intentional killing of Rashaun Nicholson, in the course of a crack cocaine distribution conspiracy, on or about December 28, 2014.

Count Six charges the defendant, CORY HARRIS, with using and possessing a firearm during and in the course of, and in furtherance of, the narcotics conspiracy charged in Count

3

One, and through that use and possession causing the death of a person, and aiding and abetting the same, in connection with the murder of Rashaun Nicholson on or about December 28, 2014.

## REQUEST NO. 4

## Structure of Murder Charges - Multiple Statutes and Theories Of Liability

A few observations are in order following my summary of the Indictment.  As you probably could tell from the summary, there are different types of murder charges.  As it is entitled to do, the Government has brought these charges under more than one criminal statute, and therefore you might say under more than one theory of criminal liability.  A consequence of the Indictment containing charges brought under multiple statutes is that you will need to be instructed on the legal elements and principles applicable to each statute and theory of liability.

Unless I instruct you otherwise, you will need to consider each charge separately and determine whether the Government has carried its burden of proof with respect to that charge.  I will provide you with a verdict form, and you will need to report the results of your deliberations on each count on the verdict form.  To do so, you will need to keep track during your deliberations of which charge you are considering, and the legal elements applicable to that charge.

In a few moments, I will instruct you on the elements of each of the charged offenses.  I will provide you with all relevant definitions and all relevant legal principles.  In

5

other words, I will provide you with the instructions you need to decide whether the Government has proven beyond a reasonable doubt each of the necessary elements on each of the charges.

[During your deliberations, you will have a copy of the Indictment to reference as you deem necessary. You also will have a copy of my instructions.]

I make these observations to ensure that you understand the structure of the charges against the defendant and your obligation to consider each of the charges separately and under each statute and theory of liability alleged in the Indictment.

> Cf. United States v. Pimentel, 346 F.3d 285, 302-05 (2d Cir. 2003) (stressing the importance of District Courts defining the elements of each racketeering act alleged within a broader RICO charge); see also United States v. Carillo, 229 F.3d 177, 183-84 (2d Cir. 2000) (same).

6

<u>**REQUEST NO. 5**</u>

**Count One: Narcotics Conspiracy**
<u>**General Instructions**</u>

Count One charges the defendant with participating in a conspiracy to violate the narcotics laws of the United States.

Count One charges as follows: [The Court is respectfully requested to read Count One of the Indictment.]

The federal statute relevant to Count One provides criminal penalties for:

> Any person who attempts or conspires [to violate narcotics laws].

What is a conspiracy?  A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy — or agreement — to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find the defendant

7

guilty of the crime of conspiracy, even if you find that he
never actually committed the substantive crime that was the
object of the conspiracy.  In other words, you may find the
defendant guilty of the crime of conspiracy to distribute a
controlled substance, or to possess a controlled substance with
the intent to distribute it, even if there was no actual
distribution or possession with the intent to distribute.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992); Sand, Modern
> Federal Jury Instructions, Instr. 19-2. See
> United States v. Labat, 905 F.2d 18, 21 (2d
> Cir. 1990) ("Since the essence of conspiracy
> is the agreement and not the commission of
> the substantive offense that is its
> objective, the offense of conspiracy may be
> established even if the collaborators do not
> reach their goal.").

## REQUEST NO. 6

### Count One: Narcotics Conspiracy
### Elements

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged; that is, that the defendant knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992).

9

Under Section 846, it is not necessary for
the Government to allege or prove even one
overt act.  See United States v. Shabani,
531 U.S. 10, 15 (1994) (Government need not
prove commission of any overt acts in
furtherance of conspiracy in violation of
section 846 conspiracy); United States v.
Story, 891 F.2d 988, 992 (2d Cir. 1989)
("The only elements of a section 846
narcotics conspiracy offense are the
existence of a conspiracy and defendant's
willful joining it."); United States v.
Knuckles, 581 F.2d 305, 311 (2d Cir. 1978);
United States v. Bermudez, 526 F.2d 89, 94
(2d Cir. 1975).

REQUEST NO. 7

Count One: Narcotics Conspiracy
First Element

Now, let us turn to the first element that the Government must establish beyond a reasonable doubt, the existence of the conspiracy.  What is a conspiracy?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One is the distribution or the possession with intent to distribute a controlled substance.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth

11

details of the plans and the means by which the unlawful project
is to be carried out or the part to be played by each
conspirator.  Indeed, it would be extraordinary if there were
such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact
undertake to enter into a criminal conspiracy, much is left to
unexpressed understanding.  Conspirators do not usually reduce
their agreements to writing or acknowledge them before a notary
public, nor do they publicly broadcast their plans.  From its
very nature, a conspiracy is almost invariably secret in its
origin and execution.

It is sufficient if two or more persons in any way,
impliedly or tacitly, come to a common understanding to violate
the law.  Express language or specific words are not required to
indicate assent or attachment to a conspiracy.  Nor is it
required that you find that any particular number of alleged co-
conspirators joined in the conspiracy in order to find that a
conspiracy existed.  You need only find two or more persons
entered into the unlawful agreement alleged in the Indictment in
order to find that a conspiracy existed.

In determining whether there has been an unlawful
agreement, you may judge acts and conduct of the alleged co-
conspirators that are done to carry out an apparent criminal

12

purpose.  The adage "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in Count One of the Indictment.

13

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Count One of the Indictment.

### **Object of Conspiracy**

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  The Indictment charges the following goal of the conspiracy: the distribution of, and possession with intent to distribute, crack cocaine, heroin, and marijuana.

I will now define the terms "distribute" and "possess with intent to distribute" in connection with the Indictment.

### **"Distribute"**

The word "distribute" means to deliver a narcotic. "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic.  Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to try to pass on or hand over to another, narcotics.

Distribution does not require a sale.  Activities in furtherance of the ultimate sale, such as arranging for payment for drugs, and transporting drugs or money for drugs may

14

constitute distribution.  In short, distribution requires a concrete involvement in the transfer of drugs.

### "Possess with intent to distribute"

Now, what does "possess with intent to distribute" mean? First we must define "possess."  The legal concept of possession may differ from the everyday usage of the term, so I will explain it in some detail.

"Actual possession" is what most of us think of as possession; that is having physical custody or control of an object.  For example, if you find that a person had drugs on his person, you may find that he had possession of the drugs. However, a person need not have actual physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.  An example of this from everyday experience would be a person's possession of items he keeps in the safe deposit box of his bank.  Although the person does not have physical custody of those items, he exercises substantial control over them and so has what is known as "constructive possession" of them.

Here is another example.  Suppose X is negotiating the price of heroin with Y.  Standing next to X is his partner Z,

15

who has several envelopes of heroin in his pocket.  After a

period of negotiation, X directs Z to hand over to Y a few

envelopes.  Y then hands to X some payment for the drugs.  In

this situation, you could find that Z had possession of the

narcotics because he had them in his pocket.  However, you could

also find that X had possession of the narcotics because of his

proximity to the drugs, his association with the person — Z —

who was in actual possession of them, and his negotiations over

the price of the narcotics.  This example is not conclusive, but

is simply meant to illustrate the notion of constructive

possession.

Possession of drugs cannot be found solely on the ground

that a person was near or close to the drugs.  Nor can it be

found simply because a person was present at a scene where drugs

were involved, or solely because someone was associated with a

person who does control the drugs or the property where they are

found.  However, these factors may be considered by you, in

connection with all other evidence in this case.

The Government contends that it was an object of the

conspiracy to possess the narcotics with the intent to

distribute them.  Since you cannot read a person's mind, you

must make inferences about his behavior.  However, you may not

find intent to distribute unless these inferences convince you

16

beyond a reasonable doubt that it was a goal of the conspiracy that a person intended to distribute the narcotics.

When I say that you must find a person intended to distribute narcotics, this does not mean that you must find that a person intended to personally distribute or deliver the drugs. It is sufficient if you find that a person intended to cause or assist the distribution of the narcotics.

Basically, what you are determining is whether the drugs in a person's possession were for his personal use or for the purpose of distribution.  Often it is possible to make this determination from the quantity of drugs found in a person's possession.  For example, it would be highly unlikely that a person with narcotics purchased with several tens of thousands of dollars possessed the narcotics all for personal consumption.

The possession of a large quantity of narcotics does not necessarily mean that a person intended to distribute them.  On the other hand, a person may have intended to distribute narcotics even if he did not possess large amounts of them. There might also be evidence of a plan to distribute.  You should make your decision whether a person intended to distribute narcotics in his possession from all the evidence presented.

17

Thus in order to prove the first element with respect to Count One of the Indictment, in summary, the Government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the Indictment.

### **Quantity**

Before I go further, let me note something regarding the quantity and purity of drugs involved.  I instruct you that the actual quantity and purity of the drugs involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendant is guilty or not guilty of Count One.  In order to determine whether the defendant is guilty of Count One, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of crack cocaine

I will give you some further instructions later regarding quantity.  As I will explain later, however, if you do find that the Government has proved the elements of Count One of the Indictment beyond a reasonable doubt, you will then be asked to make a finding about quantity.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992); the charge of
> the Honorable Kevin T. Duffy in United
> States v. Ogarro, 92 Cr. 114 (KTD)(S.D.N.Y.

1992); the charge of the Honorable Kevin T.
Duffy in United States v. Burnett, 92 Cr.
731 (KTD) (S.D.N.Y. 1993); and the charge of
the Honorable Peter K. Leisure in United
States v. Parra, 02 Cr. 348 (PKL) (S.D.N.Y.
2003); Sand, Modern Federal Jury
Instructions, Instr. 19-4.

See United States v. Rea, 958 F.2d 1206,
1214 (2d Cir. 1992) ("In order to prove
conspiracy, the government need not present
evidence of an explicit agreement; proof of
a tacit understanding will suffice.  The
conspirators need not have agreed on the
details of the conspiracy, so long as they
have agreed on the essential nature of the
plan, and their goals need not be congruent,
so long as they are not at cross-purposes.")
(citations omitted); United States v.
Montour, 944 F.2d 1019, 1025 (2d Cir. 1991)
("To prove the existence of an agreement,
the government need not present evidence of
a formal arrangement between the co-
conspirators.  Rather, it is sufficient if
the government can demonstrate that the
defendant acted together with others to
realize a common goal") (citations omitted);
United States v. Rubin, 844 F.2d 979, 983-84
(2d Cir. 1988) (generally discussing proof
of agreement).

19

**REQUEST NO. 8**

**Count One: Narcotics Conspiracy**
**Second Element**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt by evidence of the actions and conduct of the defendant that he unlawfully, intentionally, and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to promote and cooperate in one of its unlawful objectives.

**"Unlawfully," "Intentionally," and "Knowingly"**

As to this element, the terms "unlawfully," "intentionally," and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that he did join the conspiracy), the defendant knew what he was doing — that he took the actions in question deliberately and voluntarily.

20

"Unlawfully" means simply contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.  He need only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposefully; that is, the actions of the defendant must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendant or in the defendant's presence.  The Government contends that these acts show beyond a reasonable doubt knowledge on the part of each defendant of the unlawful purpose of the conspiracy.

It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify an inference of

knowledge on his part.  To have guilty knowledge, the defendant
need not have known the full extent of the conspiracy or all of
its activities or all of its participants.  It is not even
necessary that the defendant know every other member of the
conspiracy.  In fact, the defendant may know only one other
member of the conspiracy and still be a co-conspirator.  Nor is
it necessary that the defendant receive any monetary benefit
from participating in the conspiracy or have a financial stake
in the outcome, so long as he in fact participated in the
conspiracy in the manner I have explained.

The duration and extent of the participation in the
conspiracy of the defendant has no bearing on the issue of the
defendant's guilt.  The defendant need not have joined the
conspiracy at the outset.  The defendant may have joined it for
any purpose at any time in its progress, and the defendant will
still be held responsible for all that was done before joining
and all that was done during the conspiracy's existence while
the defendant was a member.  Each member of a conspiracy may
perform separate and distinct acts and may perform them at
different times.  Some conspirators play major roles, while
others play minor roles in the scheme.  An equal role is not
what the law requires.  In fact, even a single act may be

sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the

23

venture is terminated, unless it is shown by some affirmative

proof that the person withdrew and disassociated himself from

it.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992), and from the
> charge of the Honorable Michael B. Mukasey
> in United States v. Bello, 91 Cr. 571 (MBM),
> aff'd mem., 990 F.2d 622 (2d Cir. 1993), and
> from Sand, Modern Federal Jury Instructions,
> Instr. 19-6.  See United States v. Rea, 958
> F.2d 1206, 1214 (2d Cir. 1992) ("The
> defendant's knowledge of the conspiracy and
> participation in it with the requisite
> criminal intent may be established through
> circumstantial evidence.  A defendant need
> not have joined a conspiracy at its
> inception in order to incur liability for
> the unlawful acts of the conspiracy
> committed both before and after he or she
> became a member.") (citations omitted).  See
> also United States v. Miranda-Ortiz, 926
> F.2d 172, 175-6 (2d Cir.) (generally
> discussing proof required to show membership
> in conspiracy), cert. denied, 112 S. Ct. 347
> (1991); and United States v. Maldonado-
> Rivera, 922 F.2d 934, 960 (2d Cir. 1990)
> (same), cert. denied, 111 S. Ct. 2858
> (1991).

## REQUEST NO. 9

### Count One: Narcotics Conspiracy
### Time of Conspiracy

The Indictment charges that the conspiracy charged in Count One existed from at least in or about 2012 through in or about 2015.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around or within the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.  The same is true for other factual contentions in the Indictment, including any drug quantities listed in the indictment; only a substantial similarity is required.

> Adapted from the charge of the Honorable
> John F. Keenan in United States v. Carrero,
> 91 Cr. 365 (JFK) (S.D.N.Y. 1991); Sand,
> Modern Federal Jury Instructions, Instr. 3-
> 12.

**REQUEST NO. 10**

**Count One: Narcotics Conspiracy**
**Special Interrogatory on Drug Quantity**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the quantity of crack cocaine and heroin the conspiracy involved.  You do not need to determine the quantity of marijuana the conspiracy involved.

You need not determine the precise quantity of crack cocaine and heroin.  Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the conspiracy involved (i) 280 grams or more of crack cocaine, 28 grams or more of crack, or a lesser amount; and (ii) 100 grams or more of heroin, or a lesser amount.

The verdict form that I will submit to you will have a place where you can answer these questions.

Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved 280 grams or more of crack, you should indicate 280 grams or more of crack.  If, however,

26

some jurors conclude that the conspiracy involved 28 grams or more of crack and the rest of the jurors conclude that it involved between 280 grams or more of crack, you may not indicate that the conspiracy involved 280 grams or more of crack. Under those circumstances, however, you may indicate at least 28 grams of crack, because all of you would be in agreement that the conspiracy involved at least 28 grams of crack.

**"Involved"**

In making your determination about the type and quantity of any controlled substance involved in the conspiracy charged in Count One, you should include whatever type and quantity of controlled substance were involved in any act or acts in which the defendant personally and directly participated. That is, if you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is personally responsible for the full quantity of drugs involved in that transaction, whether or not he knew the specific type or quantity involved in the transaction and whether or not the type and quantity were reasonably foreseeable to him.

In making your determination about type and quantity, however, you should also include any other controlled substances the conspiracy involved so long as the type and quantity were

27

either known to the defendant or reasonably foreseeable to him,

and within the scope of the criminal activity that he jointly

undertook.

> See Apprendi v. New Jersey, 530 U.S. 466
> (2000); United States v. Thomas, 274 F.3d
> 655 (2d Cir. 2001)(en banc); United States
> v. Gonzalez, 420 F.3d 111, 125 (2d Cir.
> 2005); United States v. Martinez, 987 F.2d
> 920, 925-26 (2d Cir. 1993) (noting that a
> co-conspirator "should not be sentenced for
> certain conspiratorial acts unless there is
> proof that he knew or should have known
> about the details of these conspiratorial
> acts"); United States v. Velasquez, 28 F.3d
> 2, 5 (2d Cir. 1994) (holding that the
> "reasonable foreseeability" requirement does
> not apply to conduct "that the defendant
> personally undertakes" and that the
> Sentencing Guidelines, including the
> definition of relevant conduct in U.S.S.G. §
> 1B1.3, "are simply an extension of the
> statutory sentencing scheme"); United
> States v. Chalarca, 95 F.3d 239, 243 (2d
> Cir. 1996) ("[T]he quantity of drugs
> attributed to a defendant need not be
> foreseeable to him when he personally
> participates, in a direct way, in a jointly
> undertaken drug transaction.") (construing
> the Sentencing Guidelines); United States v.
> Castrillon, 376 F.3d 46, 47 (2d Cir. 2004)
> (per curiam) (same) (construing 21 U.S.C. §
> 846).  But see United States v. Santos, 541
> F.3d 63, 71 (2d Cir. 2008); United States v.
> Adams, 448 F.3d 492, 499 (2d Cir. 2006).

**REQUEST NO. 11**

**Count Two: Firearms Possession In Furtherance of the
Narcotics Conspiracy
General Instructions**

I now want to turn to the firearms offense charged in Count Two of the Indictment and instruct you on the elements of that offense.

Count Two is a firearms count connected to the narcotics conspiracy charged in Count One and it charges the defendant as follows:

[The Court is respectfully requested to read Count Two.]

The federal statute relevant to Count Two provides criminal penalties for:

> Any person who during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm.

29

## REQUEST NO. 12

### Count Two: Firearms Possession In Furtherance of the Narcotics Conspiracy
### Elements

In order to convict the defendant of Count Two, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about the dates alleged the Indictment, the defendant used or carried or possessed a firearm, or any combination of those acts.

Second, that the defendant used or carried the firearm during and in relation to the specified drug trafficking conspiracy, or that the defendant possessed a firearm in furtherance of the specified drug trafficking.

Third, that the defendant acted knowingly.

The defendant can also be guilty under Count Two of the indictment if you find beyond a reasonable doubt that the government has proved that another person actually committed the crime charged under Count Two, and that the government has proved beyond a reasonable doubt that the defendant aided and abetted that person in the commission of that offense.  I will explain aiding and abetting to you later in these instructions.

30

Adapted from charge of the Honorable Lewis
A. Kaplan in United States v. Jeffrey Otis
Redden, 02 Cr. 1141 (S.D.N.Y. July 27,
2004). See also Sand, Modern Federal Jury
Instructions, Instr. 35-78.

## REQUEST NO. 13

### Count Two: Firearms Possession In Furtherance of the Narcotics Conspiracy
### First Element

The first element the Government must prove beyond a reasonable doubt for Count Two is that on or about the dates set forth in the Indictment, the defendant used or carried or possessed a firearm.

### "Firearm"

A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  In considering the specific element of whether the defendant used or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime.  Operability is not relevant to your determination of whether a weapon qualifies as a firearm.

### "Use"

In order to prove that the defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the drug trafficking crime.  This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute

32

use of the weapon.  Brandishing, displaying, or even referring
to the weapon so that others present knew that the defendant had
the firearm available if needed all constitute use of the
firearm.  The mere possession of a firearm at or near the site
of the crime without active employment as I just described it is
not, however, sufficient to constitute use of the firearm.

### "Carry"

In order to prove that the defendant carried the firearm,
the Government must prove beyond a reasonable doubt that the
defendant had the weapon within his control so that it was
available in such a way that it furthered the commission of the
crime.  The defendant need not have held the firearm physically,
that is, have had actual possession of it on his person.  If you
find that the defendant had dominion and control over the place
where the firearm was located, and had the power and intention
to exercise control over the firearm, and that the firearm was
immediately available to him in such a way that it furthered the
commission of the drug trafficking crime, you may find that the
Government has proven that the defendant carried the weapon.

### "Possess"

Possession of a firearm in furtherance of a drug
trafficking crime requires that the defendant possess a firearm
and that the possession advance or move forward the crime.  The

33

mere presence of a firearm is not enough.  Possession in furtherance requires that the possession be incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

Here, I want to say a few words about the legal concept of possession.  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you find that the defendant had the firearm on his person, therefore, you may find that he had possession of it.  However, a person need not have actual, physical possession - that is, physical custody of an object - in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

More than one person can have control over the same firearm.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive

34

possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody.  The person having control "possesses" the firearm because he has an effective working relationship with the people who have actual physical custody of the firearm and because he can direct the movement or transfer or disposition of the firearm.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

Now, let me give you some examples of possession.  I have a pen in my hand.  There should be no doubt in your mind that I physically possess the pen.

Another example:  Let's say I brought in some candy today and left it on my law clerk's desk.  She knows that she can't eat all of that candy; she'd better leave some for me.  I do not physically possess the candy but I do have control over it.  My

35

law clerk also has control over it.  I can be said to "possess" the candy jointly with my law clerk.

One more example:  Say a relative left me a watch when he died, and it is now sitting in a safety deposit box.  Say also that I am the only person who can get into that box.  Do I have possession of the watch?  Absolutely I have possession of it, even though it's in a safety deposit box.

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  Proof of ownership is not required to establish possession.

> Adapted from the charge of the Honorable Cathy Seibel in United States v. Young, 09 Cr. 274 (CS) (S.D.N.Y. 2011).  Also adapted from Sand, Modern Federal Jury Instructions, Instr. 35-80 (1999) and from the charge of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141, and from the charge of the Honorable Denise Cote in United States v. Joel Lopez, 03 Cr. 1102 (DLC).

**REQUEST NO. 14**

**Count Two: Firearms Possession In Furtherance of the
Narcotics Conspiracy
Second Element**

The second element that the Government must prove beyond a
reasonable doubt is that the defendant used or carried a firearm
during and in relation to drug trafficking crime charged in
Count One, or possessed a firearm in furtherance of such a
crime.  Possession in furtherance, as I indicated, requires that
the possession be incident to and an essential part of the
crime.  The firearm must have played some part in furthering the
crime in order for this element to be satisfied.

Count Two, by its terms, is connected to Count One in the
Indictment.  Unless you find the defendant you a considering
guilty as to Count One, you must find him not guilty as to Count
Two.

I instruct you that the narcotics conspiracy alleged in
Count One qualifies as a drug trafficking offense.

> Adapted from the charge of the Honorable
> Cathy Seibel in United States v. Young, 09
> Cr. 274 (CS)(S.D.N.Y. 2011), and from the
> charge of the Honorable Lewis A. Kaplan in
> United States v. Jeffrey Otis Redden, 02 Cr.
> 1141, and the charge of the Honorable Denise
> Cote in United States v. Joel Lopez, 03 Cr.
> 1102 (DLC).

37

**REQUEST NO. 15**

**Count Two: Firearms Possession In Furtherance of the
Narcotics Conspiracy
Third Element**

The final element the Government must prove beyond a
reasonable doubt on the firearms count alleged in Count Two is
that the defendant knew that he was using, carrying, or
possessing a firearm and that he acted knowingly in doing so.

To satisfy this element, you must find that the defendant
had knowledge that what he was carrying or using was a firearm
as that term is generally used.  An act is done knowingly if
done purposefully and voluntarily as opposed to mistakenly or
accidentally.  You will recall that I instructed you earlier
that to determine that someone acted knowingly requires you to
make a finding as to that person's state of mind.  In order for
the Government to satisfy this element, it must prove that the
defendant knew what he was doing—for example, that he knew that
he was possessing or carrying a firearm in the commission of a
drug trafficking crime.  It is not necessary, however, for the
Government to prove that the defendant knew that he was
violating any particular law.

> Adapted from the charge of the Honorable
> Lewis A. Kaplan in United States v. Jeffrey
> Otis Redden, 02 Cr. 1141.  Adapted from
> Sand, Modern Federal Jury Instructions,
> Instr. 35-80.

38

**REQUEST NO. 16**

**Counts Three and Four: Murder-for-Hire**
**The Indictment and the Statute**

Counts Three and Four of the Indictment charges that in or about December 2014, defendant CORY HARRIS, and others known and unknown, conspired to and did violate the federal law prohibiting murder-for-hire, which is designated as Section 1958 of Title 18 of the United States Code.

Count Three charges the defendant as follows:

[The Court is respectfully requested to read Count Three]

Count Four charges the defendant as follows:

[The Court is respectfully requested to read Count Four]

The federal statute relevant to Counts Three and Four provides criminal penalties for:

> Whoever travels in or causes another . . .
> to travel in interstate or foreign commerce,
> or uses or causes another . . . to use the
> mail or any facility of interstate or
> foreign commerce, with intent that a murder
> be committed in violation of the laws of any
> State or the United States as consideration
> for the receipt of, or as consideration for
> a promise or agreement to pay, anything of
> pecuniary value, or who conspires to do so.

The statute defines "anything of pecuniary value" to mean "anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary

39

significance of which is economic advantage."  It also defines "facility of interstate or foreign commerce" to include "means of transportation and communication."  I will tell you more about the specific elements of this crime in a few moments.

**REQUEST NO. 17**

**Counts Three and Four: Murder-for-Hire**
**Purpose of the Statute**

In Count Three, the defendant is charged with having been a member of a conspiracy to commit a murder-for-hire. A conspiracy is a kind of criminal partnership — a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to commit a murder-for-hire, as charged in Count Three the Indictment, is an independent offense. It is separate and distinct from the actual commission of a murder-for-hire, which the law refers to as a "substantive crime." The defendant is charged with a conspiracy to commit murder-for-hire in Count Three, and he is charged with committing a substantive murder-for-hire, or aiding and abetting that crime, in Count Four.

You may find a defendant guilty of the crime of conspiracy to commit a murder-for-hire even if the substantive crime that was the object of the conspiracy was not actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety

41

and welfare than individual conduct, and increases the

likelihood of success of a particular criminal venture.

> Adapted from 1 Leonard B. Sand, et al., <u>Modern Federal Jury Instructions</u> ¶ 19.01, Instr. 19-2; <u>see also</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

## REQUEST NO. 18

## Count Three: Conspiracy to Commit Murder-for-Hire Elements

To sustain its burden of proof with respect to the allegation of conspiracy to commit murder-for-hire, as alleged in Count Three, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; that is, an agreement or understanding to violate the federal law prohibiting murder-for-hire.

The first element then is:  Did the conspiracy alleged in the indictment exist?  Was there such a conspiracy?

Second, that the defendant knowingly became a member of the conspiracy; that is, that he knowingly associated himself and participated in the alleged conspiracy to violate the murder-for-hire law.

Now let us separately consider the two elements.  First, the existence of a conspiracy; and second, whether the defendant knowingly associated himself with and participated in the conspiracy.

> Adapted from the charges of the Honorable Robert W. Sweet in United States v. Guerrero, 09 Cr. 339 (RWS), and the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS).

43

**REQUEST NO. 19**

**Count Three: Conspiracy to Commit Murder-for-Hire
First Element**

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding, between two or more people, to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to have been the object of the conspiracy alleged in Count Three is the participation in a murder-for-hire.

I've already explained to you what a conspiracy is.  The essence of the crime of conspiracy is an unlawful agreement between two or more people to violate the law.  The first element of the crime of conspiracy thus has two parts:  (1) an agreement and (2) an illegal object of the conspiracy.

The conspiracy charged in Count Three of the Indictment, therefore, is an <u>agreement</u> to participate in a murder-for-hire.  As I instructed you before, it is an entirely distinct and separate offense from the <u>actual</u> substantive offense of committing a murder-for-hire.

**Object of Conspiracy**

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  The conspiracy charged

44

in Count Three of the Indictment has as its goal the commission
of a murder-for-hire. The Government must prove beyond a
reasonable doubt that the object of the conspiracy was to commit
a murder-for-hire.  I will describe the elements of that murder-
for-hire offense shortly.

If you find that the conspiracy charged in the Indictment
had this objective, the illegal purpose element will be
satisfied.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS), the charge of the Honorable
> Kevin T. Duffy in United States v. Ogarro,
> 92 Cr. 114 (KTD), and the charge of the
> Honorable Kevin T. Duffy in United States v.
> Burnett, 92 Cr. 731 (KTD).  *See* Sand, Modern
> Federal Jury Instructions, Instr. 19-4.

REQUEST NO. 20

**Counts Three and Four: Murder-for-Hire**
**Elements of Murder-for-Hire**

Because the objective of the conspiracy charged in Count
Three was to violate the law prohibiting murder-for-hire, I will
now instruct you about the murder-for-hire law.  However,
remember, as I told you in my earlier instructions about
conspiracy, you may find the defendant guilty of the crime of
conspiring to commit a murder-for-hire even if no murder-for-
hire was actually committed.  Conspiracy is a crime, even if the
conspiracy is not successful.

A substantive murder-for-hire is also charged in Count
Four, as you know.  Thus, these instructions apply to both the
object of the conspiracy charged in Count Three, and to the
substantive charges in Count Four.

To sustain its burden of proof that a conspiracy existed
with respect to the object of the conspiracy charged in Count
Three, and to sustain its burden of proof on the substantive
crime charged in Count Four of the Indictment, the Government
must prove beyond a reasonable doubt the following elements:

First, that the defendant or another member of the
conspiracy either traveled in interstate or foreign commerce or
used a facility of interstate or foreign commerce;

46

<u>Second</u>, that the interstate or foreign conduct, whether undertaken by the defendant or one of his co-conspirators, was done with the intent to help bring about the murder of another person; and

<u>Third</u>, that the defendant or one of his co-conspirators agreed to pay money or anything else of value to have this murder carried out.

Let me elaborate on those three elements in greater detail.

> Adapted from the charge of the Hon. John F. Keenan in <u>United States</u> v. <u>Raos</u>, 98 Cr. 412 (JFK) (S.D.N.Y. Jan. 1999); <u>see also</u> <u>United States</u> v. <u>Ritter</u>, 989 F.2d 318, 321 (9th Cir. 1993) (setting forth elements of murder-for-hire); 3 Leonard B. Sand, et al., <u>Modern Federal Jury Instructions</u> ¶ 60.02, Instr. 60-14.

**REQUEST NO. 21**

**Counts Three and Four: Murder-for-Hire**
**First Element**

The first element that the Government must prove about the objective of the conspiracy charged in Count Three and the substantive crime charged in Count Four is that a person traveled in interstate or foreign commerce <u>or</u> used a facility of interstate or foreign commerce with the intent that a murder-for-hire take place.  The Government need only prove that a person <u>either</u> traveled in interstate or foreign commerce <u>or</u> used a facility of interstate or foreign commerce; it need not prove both.

The crossing of a state or international border constitutes traveling in interstate or foreign commerce.

The term "facility of interstate or foreign commerce" includes means of transportation and communication.  This includes, for example, the use of a telephone where the telephone network is capable of placing calls between states or internationally, regardless of whether or not the actual telephone call crossed state lines.  This would also include using a portion of the interstate highway system, even if the use of the highway does not involve the crossing of a state line.

48

The travel in interstate or foreign commerce or the use of a facility of interstate commerce must have occurred to facilitate or further the commission of the murder-for-hire.  It need not have been the only reason, or even the principal reason, for the use of the facility of interstate commerce or for the interstate or foreign travel, as long as it was one of the reasons for that use.

To meet its burden of proof on the first element, the Government need not prove that the defendant himself traveled in interstate or foreign commerce or used a facility of interstate or foreign commerce, or that the defendant even knew that another member of the conspiracy traveled in interstate or foreign commerce or used a facility of interstate or foreign commerce.  The Government need only prove that the defendant, or a co-conspirator, in fact traveled in interstate or foreign commerce, or used or caused another person to use a facility of interstate or foreign commerce, with the intent that a murder-for-hire take place.

> Adapted from the charge of the Hon. John F. Keenan in United States v. Ramos, 98 Cr. 412 (JFK) (S.D.N.Y. Jan. 1999), and of the Honorable Michael B. Mukasey in United States v. Yu, 94 Cr. 375 (S.D.N.Y. 1994). See 18 U.S.C. § 1958(b)(2) (defining "facility of interstate commerce"); 3 Leonard B. Sand, et al., Modern Federal Jury Instructions ¶ 60.02, Instr. 60-15; United

49

States v. Edelman, 873 F.2d 791, 795 (5th
Cir. 1989); United States v. Sigalow, 812
F.2d 783, 785-86 (2d Cir. 1987); see also 3
Leonard B. Sand et al., Modern Federal Jury
Instructions ¶ 60.01, Instr. 60-6 (knowledge
of interstate element); United States v.
Razo-Leora, 961 F.2d 1140, 1148 (5th Cir.
1992).

See also, e.g., 18 U.S.C. § 1958(b)(2)
(stating that "'facility of interstate or
foreign commerce' includes means of
transportation and communication"); United
States v. Marek, 238 F.3d 310, 313 (5th Cir.
2001) ("We now . . . hold that § 1958's use
of a "facility of interstate commerce" is
synonymous with the use of an "interstate
commerce facility" and satisfies the
jurisdictional element of that federal
murder-for-hire statute, irrespective of
whether the particular transaction in
question is itself inter state or wholly
intra state.") (affirming murder-for-hire
conviction where defendant's use of Western
Union wire transfer was wholly intra state);
United States v. Perez, 414 F.3d 302, 304-05
(2d Cir. 2005) (adopting the reasoning of
Marek in § 1958 prosecution involving wholly
intra state telecommunications, because the
network used did provide local customers
with access to long-distance calling plans
and was therefore "undeniably a facility
involved in interstate communication");
United States v. Ballinger, 395 F.2d 1218,
1225-26 & n.3 (11th Cir. 1995) (affirming
conviction [under 18 U.S.C. § 247] of church
arsonist who traveled by car on interstate
highways to commit crimes) ("Channels of
commerce are 'the interstate transportation
routes through which persons and goods
move.' These channels include highways,
railroads, navigable waters, and airspace,
as well as telecommunications networks, and
national securities markets.") (emphasis

added) (footnotes and citations omitted); <u>United States</u> v. <u>Daley,</u> 564 F.2d 645 (2d Cir. 1977) (affirming Hobbs Act conviction [18 U.S.C. § 1951] where extortion victims were involved in construction of interstate highway) ("The jurisdictional requirement of the Hobbs Act has been held to be satisfied merely by the exaction of tribute from local contractors erecting facilities to serve an industry engaged in interstate commerce. . . . A fortiori, extortion directed at those constructing <u>part of an interstate highway, which is an instrumentality of interstate commerce</u>, falls within the jurisdictional scope of the Hobbs Act.") (emphasis added) (citation omitted); <u>United States</u> v. <u>DiGregorio</u>, 605 F.2d 1184, 1190-91 (1st Cir. 1979) (affirming extortion convictions under Hobbs Act where victim was constructing school that normally engaged in interstate commercial business) ("A minimal depletion of the resources of a company engaged in interstate commerce or constructing a facility for interstate commerce will suffice.") (emphasis added).

## REQUEST NO. 22

### Counts Three and Four: Murder-for-Hire
### Second Element

The second element that the Government must prove beyond a reasonable doubt for the object of the murder-for-hire conspiracy charged in Count Three is that the travel in interstate or foreign commerce or the use of a facility of interstate or foreign commerce was done with the intent that an individual be murdered, in violation of the laws of the State of New York.  I instruct you that under the laws of New York, murder is defined as the unlawful killing of another person purposely or knowingly.  A person kills purposely when his conscious object is to cause the death of another person.  A person kills knowingly when he is aware that what he is doing will cause the death, or is practically certain to cause the death, of another person.

To satisfy this element, the Government does not have to prove that the murder was committed or even that it was attempted.  It must prove that the travel in interstate or foreign commerce or the use of the facility of interstate or foreign commerce was done with the intent to further or facilitate the commission of the murder.

52

You are thus being asked to look into the mind of the defendant, or that of his co-conspirators, and ask what was the purpose of the defendant or the co-conspirator in engaging in interstate or foreign travel or in using a facility of interstate or foreign commerce.  You may determine that intent from all the evidence that has been placed before you, including the statements of the defendant and his co-conspirators and their conduct both before and after the travel or use of the interstate facilities.

> Adapted from charges of the Hon. John F.
> Keenan, United States v. Ramos, 98 Cr. 412
> (S.D.N.Y. Jan. 1999), and the Hon. Michael
> B. Mukasey, United States v. Yu, 94 Cr. 375
> (S.D.N.Y. 1994).  See also 3 Leonard B. Sand
> et al., Modern Fed. Jury Instrs. ¶ 60.02,
> Instr. 60-16; 2 Crim. Jury Instrs. (NY),
> P.L. 125.25(1), at 204.

## REQUEST NO. 23

### Counts Three and Four: Murder-for-Hire
### Third Element

The third element that the Government must prove beyond a reasonable doubt for the object of the murder-for-hire conspiracy charged in Count Three, and the substantive murder-for-hire charge in Count Four, is that the murder of the individual in question, namely Rashaun Nicholson, was intended to be committed as consideration for the receipt of anything of value.

This requires that the Government prove that there was a mutual agreement, understanding or promise that something of value would be exchanged for committing the murder.

"Anything of value" means, for example, money, negotiable instruments, real estate, and jewelry.

> Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 60.02, Instr. 60-17, and from the charge of the Hon. John F. Keenan in United States v. Ramos, 98 Cr. 412 (JFK) (S.D.N.Y. Jan. 1999), and of the Honorable Michael B. Mukasey in United States v. Yu, 94 Cr. 375 (S.D.N.Y. 1994).

54

**REQUEST NO. 24**

**Counts Three and Four: Murder-for-Hire
Special Interrogatory on Death Resulting**

As I instructed you earlier, the Indictment charges that the murder-for-hire scheme charged in Count Three and Count Four resulted in the death of Rashaun Nicholson.  For each of Count Three and Count Four, if you find that the Government has proven each element of that count beyond a reasonable doubt, you should then consider whether the Government has proven beyond a reasonable doubt that the murder for hire conspiracy charged in Count Three, or the murder for hire scheme charged in Count Four, resulted in the death of a Rashaun Nicholson.

The verdict form that I will submit to you will have a place where you can answer these questions.

55

## REQUEST NO. 25

### Count Three: Conspiracy to Commit Murder for Hire
### Second Element of Murder-for-Hire Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the murder-for-hire conspiracy charged in Count Three existed, then you must next determine the second question:  Whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant unlawfully, intentionally, and knowingly entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law – and that the defendant agreed to take part in the conspiracy to promote and cooperate in one of its unlawful objectives.  I have already discussed the terms "unlawfully" and "knowingly" with you and have already talked about what it means to join a conspiracy.

> Adapted from the charges of the Honorable Robert W. Sweet in United States v. Guerrero, 09 Cr. 339 (RWS), and the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS), and from Sand, Modern Federal Jury Instructions, Instr. 19-6, 56-18.  See United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally"); United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing

56

manner in which Government may show participation
in conspiracy with required state of mind);
<u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d
Cir. 1992) ("The defendant's knowledge of the
conspiracy and participation in it with the
requisite criminal intent may be established
through circumstantial evidence.  A defendant
need not have joined a conspiracy at its
inception in order to incur liability for the
unlawful acts of the conspiracy committed both
before and after he or she became a member.");
<u>United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172,
175-76 (2d Cir.) (generally discussing proof
required to show membership in conspiracy), <u>cert.</u>
<u>denied</u>, 112 S. Ct. 347 (1991); <u>United States</u> v.
<u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir.
1990) (same), <u>cert. denied</u>, 111 S. Ct. 2858
(1991).

**REQUEST NO. 26**

**Count Five: Murder in Connection with Drug Trafficking**
**The Indictment and the Statute**

Count Five of the Indictment charges the defendant with participating in a narcotics-related killing, specifically, that the defendant, together with others, caused the death of Rashaun Nicholson while engaged in a narcotics conspiracy that involved the distribution and possession with intent to distribute of 280 grams or more of crack cocaine.

The federal statute relevant to Count Five provides criminal penalties for:

> Any person engaging in a [narcotics offense] who intentionally kills or counsels, induces, procures or causes the intentional killing of an individual and such killing results, shall be guilty of a crime.

## REQUEST NO. 27

## Count Five: Murder in Connection with Drug Trafficking
## Elements

To sustain its burden of proof on Count Five, the Government must prove beyond a reasonable doubt the following four elements:

First, that the defendant is guilty of participating in a narcotics conspiracy;

Second, that the narcotics conspiracy involved 280 grams or more of crack cocaine;

Third, that while engaged in such a narcotics conspiracy, the defendant either intentionally killed the person specified in the Indictment or counseled, induced, procured, or caused the intentional killing of that person, and,

Fourth, that the killing actually resulted from the defendant's actions.

The defendant can also be guilty under Count Five of the indictment if you find beyond a reasonable doubt that the government has proved that another person actually committed the crime charged under Count Five, and that the government has proved beyond a reasonable doubt that the defendant aided and abetted that person in the commission of that offense.  I will explain aiding and abetting to you later in these instructions.

59

Adapted from the charge of the Judge Edward
R. Korman in United States v. Soto, 98 Cr.
845 (E.D.N.Y. June 2, 1999). See also United
States v. Walker, 142 F.3d 103, 113 (2d Cir.
1998)(setting forth elements).  See also
United States v. Martinez-Martinez, 2001 WL
1287040, at *1 (S.D.N.Y. Oct. 24, 2001)
(stating elements of violation of Section
848(e).

## REQUEST NO. 28

### Count Five: Murder in Connection with Drug Trafficking
### First and Second Elements

As I just mentioned, to find the defendant guilty of Count Five, you must determine first whether the defendant was engaged in a narcotics conspiracy, and second whether that conspiracy involved at least a specified amount of narcotics.

To find a defendant guilty of the applicable count, you must determine first whether the defendant was engaged in a conspiracy to distribute crack cocaine, and second, whether the conspiracy involved at least 280 grams of crack.

I have previously instructed you regarding the elements of a crack distribution conspiracy, and you should apply those instructions here.

You need not find that the charged narcotics conspiracy actually distributed or possessed with intent to distribute at least 280 grams of crack; rather, you need find only that the conspiracy contemplated the distribution or possession with intent to distribute at least 280 grams of crack over the course of the conspiracy, and that such a quantity was either known to the defendant or was reasonably foreseeable to him and within the scope of the criminal activity that he jointly undertook.

I further instruct you that the purity of the crack involved is not relevant to your determination.

61

See United States v. Santos, 541 F.3d 63,
70-73 (2d Cir. 2008).  Adapted from the
charges of the Honorable Loretta A. Preska
in United States v. Gonzalez, 03 Cr. 1310
(LAP) (S.D.N.Y. 2007), the Honorable John G.
Koeltl in United States v. Samuel, 06 Cr.
658 (JGK) (S.D.N.Y. 2008), and the Honorable
Leonard B. Sand in United States v.
Deandrade, 07 Cr. 12 (LBS) (S.D.N.Y. 2008).

REQUEST NO. 29

## Count Five: Murder in Connection with Drug Trafficking
## Third and Fourth Elements

The third element the Government must prove beyond a reasonable doubt is that the defendant, while engaged in a drug conspiracy involving at least 280 grams of crack cocaine, intentionally killed Rashaun Nicholson, or counseled, induced, procured, or caused the intentional killing of Rashaun Nicholson.  I will define those terms for you now.

### "While Engaged In"

To show that the killing of Rashaun Nicholson occurred while the defendant was engaged in a narcotics conspiracy, the Government must prove more than simply a temporal connection between the killing and the drug conspiracy.  The Government must show that a substantive connection existed between the alleged conspiracy and the killing of Rashaun Nicholson, in other words, that they were in some way related or connected. If you found that the murder was wholly unconnected to the alleged narcotics conspiracy or was simply coincidental to it, then this element will not be satisfied.  However, it is not necessary for the Government to prove that a purpose related to the drug conspiracy was the sole purpose, or even the primary purpose, of a defendant to commit the charged crime. You need only find that it was one of his purposes or motives.

63

## "Intentionally Killed"

A person intentionally kills another person when he does so deliberately and purposefully.  That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

## "Counsel, induce, procure and cause"

To meet its burden of proof, the Government need not prove that the defendant directly caused the death of Rashaun Nicholson.  The statute takes into consideration that while certain people might have direct involvement in an intentional killing, others can be held responsible even if they play a less direct role.  Thus, the third element can be satisfied if you find beyond a reasonable doubt that the defendant "counseled, induced, procured or caused" the killing of Rashaun Nicholson.

You should give these words their ordinary meaning.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move by persuasion or influence as to some action or state of mind.  To "procure" means to bring about by unscrupulous or indirect means.  To "cause" means to bring something about, to effect something.

Finally, the fourth element the Government must prove beyond a reasonable doubt is that the killing must have resulted from the acts of the defendant.

64

Adapted from the charge of the Judge Edward
R. Korman in <u>United States</u> v. <u>Soto</u>, 98 Cr.
845 (E.D.N.Y. June 2, 1999). <u>See also</u> <u>United</u>
<u>States</u> v. <u>Walker</u>, 142 F.2d 103, 113 (2d Cir.
1998)(setting forth elements); <u>United States</u>
v. <u>Martinez-Martinez</u>, 2000 WL 1287040, at
*1-2 (Schwartz, J.)(explaining that "the
Government must prove at trial that a
substantive rather than simply a temporal,
connection exists between the alleged drug
conspiracy and the killing.").

**REQUEST NO. 30**

**Count Six: Murder Through the Use of a Firearm**
**The Indictment and the Statute**

Count Six of the Indictment charges the defendant with
using a firearm during and in relation to the narcotics
conspiracy charged in Count One, and thereby causing the death
of Rashaun Nicholson.

Count Six charges the defendant as follows:

[The Court is respectfully requested to read Count Six]

The federal statute relevant to Count Six provides criminal
penalties for:

> A person who, in the course of [using or carrying a
> firearm during and in relation to any drug trafficking
> crime, or possessing a firearm in furtherance of any
> such crime], causes the death of a person through the
> use of a firearm.

66

## REQUEST NO. 31

### Count Six: Murder Through the Use of a Firearm
### Elements

To sustain its burden of proof on Count Six, the Government must prove beyond a reasonable doubt the following five elements:

First, that on or about the dates alleged in the Indictment, the defendant used or carried or possessed a firearm.

Second, that the defendant used or carried the firearm during and in relation to the specified narcotics conspiracy charged in Count One, or that the defendant possessed the firearm in furtherance of the same conspiracy.

Third, that in the course of using or carrying the firearm during and in relation to the drug trafficking crime, or possessing it in furtherance of the drug trafficking crime, the defendant caused the death of Rashaun Nicholson.

Fourth, that the death of Rashaun Nicholson qualifies as murder, as I will define that term for you.

Fifth, that the defendant acted willfully and knowingly.

The defendant can also be guilty under Count Six of the indictment if you find beyond a reasonable doubt that the government has proved that another person actually committed the crime charged under Count Six, and that the government has

67

proved beyond a reasonable doubt that the defendant aided and abetted that person in the commission of that offense.  I will explain aiding and abetting to you later in these instructions.

**REQUEST NO. 32**

**Count Six: Murder Through the Use of a Firearm
First Element**

The first element the Government must prove beyond a reasonable doubt as Count Six is that on or about the date set forth in the Indictment the defendant used, carried, or possessed a firearm.  I have already defined, "Firearm," "Use," "Carry," and "Possession," with regard to Count Two, and you should follow my previous instructions on these points.

69

**REQUEST NO. 33**

**Count Six: Murder Through the Use of a Firearm**
**Second Element**

The second element that the Government must prove beyond a reasonable doubt is that the defendant used or carried a firearm in relation to a drug trafficking crime or possessed a firearm in furtherance of such a crime, in particular the narcotics conspiracy charged in Count One.  You are instructed that the narcotics conspiracy charged in Count One qualifies as a drug trafficking crime.  Unless you find the defendant guilty as to Count One, you must find the defendant not guilty as to this Count.

I have previously defined these terms for you in relation to Count Two and you should apply those definitions here.

> Adapted from charge of Judge Lewis A. Kaplan
> in United States v. Jeffrey Otis Redden, 02
> Cr. 1141, and the charge of Judge Denise
> Cote in United States v. Joel Lopez, 03 Cr.
> 1102 (DLC).

**REQUEST NO. 34**

**Count Six: Murder Through the Use of a Firearm**
**Third Element**

The third element that the government must prove beyond a reasonable doubt is that, in the course of using or carrying the firearm during and in relation to the drug trafficking crime, or possessing it in furtherance of the drug trafficking crime, the defendant caused the death of Rashaun Nicholson.

The defendant may be found to have caused Rashaun Nicholson's death if his conduct was a substantial factor in causing the death and Nicholson would not have died except for the defendant's conduct.  The defendant's conduct was a substantial factor if it had such an effect in producing the victim's death as to lead a reasonable person to regard the defendant's conduct as a cause of death.  An event such as the death of the victim may have had more than one cause.  You need not find that the defendant shot the victim or that he committed the final, fatal act.  The Government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

> Adapted from the charge of Judge Barbara
> Jones in United States v. Larry Williams, 02
> Cr. 1372 (BSJ), and Judge Denny Chin in
> United States v. Gomez, S3 99 Cr. 1048 (DC).
> See also Sand, Modern Jury Instructions,
> Instr. 30-6.

71

**REQUEST NO. 35**

**Count Six: Murder Through the Use of a Firearm**
**Fourth Element**

The fourth element is that the death of the person qualify as murder. In considering Count Six, you should apply the following definition of murder, which comes from Section 1111 of the Federal Criminal Code: "Murder is the unlawful killing of a human being, with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, [certain crimes including] murder . . . [qualifies as murder]."

## REQUEST NO. 36

### Count Six: Murder Through the Use of a Firearm
### Fifth Element

The final element the Government must prove beyond a reasonable doubt regarding Count Six is that the defendant acted "willfully" and knowingly."  I have previously defined those terms for you and you should apply those instructions here.

> Adapted from charge of Judge Lewis A. Kaplan
> in United States v. Jeffrey Otis Redden, 02
> Cr. 1141.

## REQUEST NO. 37

### Aiding And Abetting Liability

I have mentioned "aiding and abetting" a number of times. The defendant can also be convicted of Counts Two, Four, Five, and Six under a theory of criminal liability known as "aiding and abetting" liability.

Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. In other words, it is not necessary for the Government to show that the defendant physically committed a crime in order for you to find the defendant guilty. If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he personally had committed it. You may find a defendant guilty of the substantive crime, therefore, if you find beyond a reasonable doubt that the

74

Government has proven that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that the defendant willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done – that is to say, with a bad purpose either to disobey or to disregard the law.

However, I must caution you that the mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to

75

establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crimes charged in Counts Two, Four, Five, and Six, ask yourself these questions:

–    Did the defendant participate in the crime
     charged as something he wished to bring about?

–    Did the defendant associate himself with the
     criminal venture knowingly and willfully?

–    Did the defendant seek by his actions to make the
     criminal venture succeed?

If so, then the defendant is an aider and abettor, and therefore guilty of the offense charged in that Count.  If not, then the defendant is not an aider and abettor, and is not guilty of that offense.

> Adapted from the charge of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC); the charge of Judge Lawrence M. McKenna in United States v. Westley Paloscio, 99 Cr. 1199 (LMM); Sand, Modern Federal Jury Instructions, Instrs. 11-1, 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977).  See 18 U.S.C. § 2; see also United States v. Zichettello, 208 F.3d at 109 (discussing requirements of aiding and abetting liability); United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (same). See United States v. Medina, 32 F.3d 40, 45-46 (2d Cir. 1994).

**REQUEST NO. 38**

**Venue**

In addition to all of the elements I have described for you on each of the Counts, you must decide whether any act in furtherance of the crime charged in each Count occurred within the Southern District of New York.  I instruct you that the Southern District of New York includes all of Manhattan and all of the Bronx.

On the issue of venue and on this issue alone, the Government need not offer proof beyond a reasonable doubt, and it is sufficient if the Government proves venue by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

Adapted from the charge of Judge Gerard E.
Lynch in United States v. Tony Roberts, 02
Cr. 710 (GEL).

77

## REQUEST NO. 39

### Variance In Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

        Adapted from the charge of Judge Barbara
        Jones, in <u>United</u> <u>States</u> v. <u>Larry Williams</u>,
        02 Cr. 1372 (BSJ).

78

**REQUEST NO. 40**

**Stipulations**

[If applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.


Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL), and from Judge Michael B. Mukasey in United States v. Miguel Alejandro Urena-Fana, S1 98 Cr. 1317 (MBM).

79

## REQUEST NO. 41

## The Defendant's Testimony

## [Requested Only If The Defendant Testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> United States v. Gaines, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 42

## Defendant's Right Not To Testify

[If requested by the defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because they did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 5-21, and from the
charge of Judge Gerard E. Lynch in United
States v. Edwin Diaz, 99 Cr. 1193 (GEL).

81

<u>**REQUEST NO. 43**</u>

<u>Particular Investigative Techniques Not Required</u>

[If applicable]

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

 

 

Adapted from the charge of Judge Gerard E.
Lynch in <u>United States</u> v. <u>Tony Roberts</u>, 02
Cr. 710 (GEL).

82

## REQUEST NO. 44

## Uncalled Witnesses – Equally Available To Both Sides

[If applicable]

There are people whose names you heard during the course of the trial but who did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.


Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

83

## REQUEST NO. 45

## Expert Testimony

You have heard testimony from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

84

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on the expert's testimony.

> Adapted from the charges of Judge Gerard E. Lynch in <u>United States</u> v. <u>Frank Summa</u>, 02 Cr. 101 (GEL), and from Judge John F. Keenan in <u>United States</u> v. <u>David Rosario</u>, 96 Cr. 126 (JFK); and from Judge Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

## REQUEST NO. 46

### Accomplice Testimony

You have heard testimony from several witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices.  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution.  The fact that a

witness is an accomplice can be considered by you as bearing upon his or her credibility.  It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether that interest has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses.  I caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit

more by lying, or by telling the truth.  Was their testimony
made up in any way because they believed or hoped that they
would somehow receive favorable treatment by testifying falsely?
Or did they believe that their interests would be best served by
testifying truthfully?  If you believe that the witness was
motivated by hopes of personal gain, was the motivation one that
would cause him to lie, or was it one that would cause him to
tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject
it.  However, if, after a cautious and careful examination of an
accomplice witness's testimony and demeanor on the witness
stand, you are satisfied that the witness told the truth, you
should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of
credibility need not be decided in an all-or-nothing fashion.
Even if you find that a witness testified falsely in one part of
his testimony, you still may accept other parts of his
testimony, or you may disregard all of it.  That is a
determination entirely for you.

> Adapted from the charge of Judge Gerard E.
> Lynch in United States v. Michael Jones, 02
> Cr. 674 (GEL). See also Sand, Modern Federal
> Jury Instructions, Instr. 7-5.

## REQUEST NO. 47

## Accomplice Testimony – Guilty Plea

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of the same facts that are at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that one or more prosecution witnesses pleaded guilty to similar charges.  The decision of those witnesses to plead guilty was a personal decision those witnesses made about their own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-110.  See United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

### REQUEST NO. 48

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Tony Roberts</u>, 02 Cr. 710 (GEL).

90

## REQUEST NO. 49

### Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16, and from the charge of Judge Gerard E. Lynch in United States v. Keith Robinson, 02 Cr. 1283 (GEL).

91

**REQUEST NO. 50**

**Use Of Evidence Obtained Pursuant To Search**

You have heard testimony about evidence seized during searches.  Evidence obtained from the searches was properly admitted in this case, and may be properly considered by you.

Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charge of Judge Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

## REQUEST NO. 51

## Redaction Of Evidentiary Items

[If applicable]

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document or tape was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

93

## REQUEST NO. 52

### Use Of Charts And Tables

[If applicable]

Some of the exhibits admitted into evidence were charts.
These charts were introduced basically as summaries.  They are
not direct evidence really.  They are summaries of the evidence.
They are a visual representation of information or data as set
forth either in the testimony of a witness or in a stipulation
or in some documents.  They are admitted as aids to you.  They
are not in and of themselves any evidence.  They are intended to
be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is
often easier and more convenient to use summary charts than to
place all of the relevant documents in front of you.  It is up
to you to decide whether those charts fairly and correctly
present the information in the testimony and the documents.  The
charts are not to be considered by you as direct proof of
anything.  They are merely graphic demonstrations of what the
underlying testimony and documents are.

To the extent that the charts conform with what you
determine the underlying evidence to be, you may accept them.
But one way or the other, realize that the charts are not in and

94

of themselves direct evidence.  They are merely visual aids.

They are nothing more.

> From the charge of Judge Gerard E. Lynch in
> <u>United States</u> v. <u>Frank Summa</u>, 02 Cr. 101
> (GEL).

REQUEST NO. 53

**Character Witnesses**

[If the defendant calls character witnesses]

During the trial, you heard testimony bearing on the character of the defendant.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is, or was, a person of good repute.

> Adapted from United States v. Fayette, 388
> F.2d 728, 737 (2d Cir. 1968).  See United
> States v. Kelly, 349 F.2d 720, 765 (2d Cir.)
> cert. denied, 384 U.S. 947 (1966); United
> States v. Kabot, 295 F.2d 848, 855 n.1 (2d
> Cir. 1961).

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant.  The guilt or innocence of a defendant is for you

alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from the charge of Judge Robert J. Ward in <u>United States</u> v. <u>Thweatt</u>, 77 Cr. 553 (S.D.N.Y. Oct. 17, 1977).

### REQUEST NO. 54

### Similar Acts

[If applicable]

You have heard evidence that on earlier occasions, the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant is on trial only for the acts alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in similar acts with other persons alleged to be members of the conspiracy charged in the Indictment, you may consider those acts in deciding whether the conspiracy existed.  If you find

98

that the defendant engaged in the earlier acts, and if you find that the earlier acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the earlier conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues.  You may not consider such evidence for any other purpose.  Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.

Adapted from 3 Leonard B. Sand et al.,
Modern Federal Jury Instructions, Instr. 5-25, 5-26.

## REQUEST NO. 55

## Sympathy: Oath As Jurors

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you.


Adapted from 1 Sand Modern Federal Jury
Instructions, Instr. 2-12 and from the
charge of the Honorable Irving Kaufman in
United States v. Davis, aff'd, 353 F.2d 614
(2d Cir. 1965).

**REQUEST NO. 56**

**Improper Considerations:**
**Race, Religion, National Origin, Sex or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex or age of any other witness or anyone else involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charges of the Hon. Richard
> M. Berman in United States v. Kamara, S1 01
> Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003), and
> of the Hon. Denny Chin in United States v.
> Olajide, 01 Cr. 365 (DC).

101

<u>**REQUEST NO. 57**</u>

<u>**Persons Not On Trial**</u>

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of Judge Lewis A. Kaplan in <u>United States</u> v. <u>Otis Parkes</u>, 03 Cr. 1364 (LAK).

## REQUEST NO. 58

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each Count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if you become convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor for any party, and adopt the conclusions which in your good conscience appear to be in accordance with the truth.

103

Again, your verdict must be unanimous.  But, you are not bound to surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.  No juror should surrender conscious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and apply your own common sense, you will reach a fair verdict.

Adapted from the charge of Judge Gerard E. Lynch in <u>United</u> <u>States</u> v. <u>Desmond Shaw</u>, 03 Cr. 1210 (GEL).

104

Dated:       New York, New York
             February 24, 2017

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney


                   By: __/s/_____
                       Hadassa R. Waxman
                       Andrew C. Adams
                       Margaret S. Graham
                       Assistant United States Attorneys
                       (212) 637-2277/ 2340/ 2923